IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Craig Furman Bryant, | ) | Case No. 6:26-cv-01772-JDA-EEM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Mission Lane, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's motion to dismiss for failure to state a claim and Plaintiff's motions for leave to file amended complaints. [Docs. 18; 21; 32.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

## BACKGROUND

Plaintiff filed this action pro se in the Greenville County Magistrate Court, asserting claims under the Fair Credit Reporting Act. [Doc. 1-1.] Defendant removed this action to this Court on April 29, 2026. [Doc. 1.] On May 6, 2026, Defendant filed a motion to dismiss the Complaint. [Doc. 7.] Plaintiff filed an Amended Complaint on May 13, 2016. [Doc. 16.] On May 27, 2026, Defendant filed a motion to dismiss the Amended Complaint for failure to state a claim. [Doc. 18.] On June 26, 2026, Plaintiff filed a motion for leave to amend (the "June Motion to Amend") and submitted a proposed amended complaint. [Doc. 21.] Defendant filed a response in opposition on July 10, 2026. [Doc. 24.] Plaintiff filed a reply on July 14, 2026. [Doc. 25.]

On September 15, 2026, the Magistrate Judge issued a Report and Recommendation (the "Report") recommending that Defendant's motion to dismiss be granted and that the June Motion to Amend be denied as futile. [Doc. 30.] On September 21, 2026, Plaintiff filed a renewed motion for leave to file corrected second amended complaint (the "September Motion to Amend"), attaching a new proposed amended pleading, and he also filed objections to the Report. [Docs. 32; 32-1; 33.] On October 5, 2026, Defendant filed a response to the September Motion to Amend and a reply to Plaintiff's objections. [Docs. 34; 35.] Plaintiff filed a reply in support of the September Motion to Amend on October 13, 2026, and attached a new proposed amended pleading in response to Defendant's arguments that his most recent proposed pleading also failed to state a claim.[1] [Docs. 36; 36-2.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir.

[1] On October 21, 2026, the case was reassigned to Magistrate Judge Everett E. McMillian from Magistrate Judge Baker. [Doc. 37.]

2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

**DISCUSSION**

In the Report, the Magistrate Judge concludes that the Amended Complaint fails to state a claim and recommends denying the June Motion to Amend on the basis that it would be futile insofar as the proposed amended pleading submitted with that motion also fails to state a claim. [Doc. 30.] In his objections, Plaintiff does not challenge either of these conclusions but argues that the pleading he attaches with the September Motion to Amend cures the defects the Magistrate Judge identified in the Amended Complaint and the Second Amended Complaint. [Doc. 33.]

Although Plaintiff's objections do not engage the Magistrate Judge's analysis, out of an abundance of caution for the pro se party, the Court has reviewed de novo the record in this case, the applicable law, and the Report of the Magistrate Judge. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendant's motion to dismiss [Doc. 18] is GRANTED and Plaintiff's motion for leave to amend his Amended Complaint [Doc. 21] is DENIED. Because the September Motion to Amend [Doc. 32] remains pending, the Court recommits the case to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

s/ Jacquelyn D. Austin
United States District Judge

November 6, 2026
Greenville, South Carolina